JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
(510) 839-5200

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
4105 Emerald Street
Oakland, CA 94609
(510) 420-0324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERVIS A. MUWWAKKIL; DORIS J. MUWWAKKIL; and KAYLA D. WHEATFALL and NILE GLENN, minors, by and through their guardian ad litem, GLORIA A. GLENN,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF OAKLAND; IRA PEREZ, individually, and in his capacity as a police officer for the CITY OF OAKLAND; JOHN CLEMENT, individually, and in his capacity as a police officer for the CITY OF OAKLAND; MARCUS MIDYETT, individually, and in his capacity as a police officer for the CITY OF OAKLAND; TEGRE MILES, individually, and in his capacity as a police officer for the CITY OF OAKLAND; VON WISSMILLER, individually, and in his capacity as a police officer for the CITY OF OAKLAND; JOSEPH McGUINN, individually, and in his capacity as a police officer for the CITY OF OAKLAND; and, DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants.　　　　　　　　／ | No.<br><br>**COMPLAINT FOR WRONGFUL DEATH VIOLATION OF CIVIL RIGHTS AND DAMAGES** |

**JURISDICTION**

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district. Further, this action arises under California C.C.P. Sections 340(3), 377, 377.10(b), 377.11, 377.20, 377.30, 377.32(a), 377.34, 377.60(a), 377.61, and 377.62, and Probate Code Section 6402(b), as plaintiffs are the surviving parents, and minor children heirs, respectively, of

COMPLAINT FOR WRONGFUL DEATH VIOLATION OF CIVIL RIGHTS AND DAMAGES

JAMIL WHEATFALL, deceased, also referred to herein as "decedent". Jurisdiction is conferred upon this Court by California C.C.P. Section 340(3). The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

## PARTIES

2. Plaintiffs are, and at all times herein mentioned were, citizens of the United States and residents of Oakland, California. Plaintiffs KAYLA WHEATFALL and NILE GLENN are the minor children and surviving heirs at law of decedent, pursuant to California Probate Code Section 6402(b), and plaintiffs JERVIS MUWWAKKIL and DORIS J. MUWWAKKIL are the surviving parents of decedent, JAMIL WHEATFALL. Minor plaintiffs, represented by and through their grandmother and guardian ad litem, GLORIA A. GLENN, are decedent's successors in interest, pursuant to C.C.P. Section 377.11, and the beneficiaries of decedent's estate, pursuant to C.C.P. Section 377.10(b).

3. Defendant CITY OF OAKLAND ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant RICHARD WORD was the Chief of Police for the CITY. Defendant RICHARD WORD is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1 through 50, inclusive, were employed by defendant CITY as police officers. Said defendants are sued herein individually, and in their capacity as police officers for CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of defendant CITY.

5. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 50, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them

as police officers under the United States and California Constitutions, and as employees of defendant CITY.

7.  For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

**STATEMENT OF FACTS**

8.  On April 14, 2001, at approximately 5:00 p.m., JAMIL WHEATFALL, decedent, was observed driving a green Pontiac in Oakland, California by defendant police officers MIDYETT, CLEMENT, and PEREZ.  Said defendant police officers suspected decedent of having robbed a bank earlier that day.  Said defendant police officers pursued decedent's vehicle until he came to a stop at or near the intersection of 64th Avenue and Buenaventura Street in Oakland, California.  Decedent exited his vehicle and immediately put up his hands to surrender to defendant police officers.  Then, without any just provocation or cause, defendants MARCUS MIDYETT, IRA PEREZ, and JOHN CLEMENT assaulted and battered JAMIL WHEATFALL.

9.  Defendants MIDYETT, PEREZ, and CLEMENT assaulted and battered decedent JAMIL WHEATFALL, repeatedly hitting him with their batons and kicking him after he had fallen to the ground, striking decedent's head, body, arms, hands, and legs in the course of their attack.  Defendant police officers MARCUS MIDYETT, IRA PEREZ, and JOHN CLEMENT were then joined in their assault and battery of decedent by defendant police officers TEGRE MILES, VON WISSMILLER, JOSEPH McGUINN, and DOE defendant police officers.  Defendant police officers continued to assault and batter JAMIL WHEATFALL after he was lying on the ground and handcuffed.

10.  While decedent JAMIL WHEATFALL was lying on the ground and being beaten and kicked, one of defendant police officers used a chokehold on decedent's neck, restricting his ability to breathe.  As the proximate result of defendant police officers' extensive assault and battery, and choking, JAMIL WHEATFALL suffered and died.

11.  The above-described assault, battery, and killing of JAMIL WHEATFALL by defendant police officers was brutal, malicious, and without any just provocation or cause, proximately causing JAMIL WHEATFALL's suffering and death, and injuries and damages to plaintiffs.

12.  Defendant CITY, by and through its supervisory employees and agents, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, failed to take necessary, proper, or

adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to plaintiffs.  CITY, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their police officers, including, IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and DOES 1-25, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by defendant CITY.

13. Based on information and belief, plaintiffs allege that prior to the date of the subject incident involving decedent, JAMIL WHEATFALL, defendant Oakland police officers had a history of engaging in acts of excessive force, of which defendants CITY, RICHARD WORD and DOES 26-50, inclusive, knew or should have known for quite some time prior to the subject incident involving decedent.  Based on information and belief, plaintiffs further allege that despite their knowledge of defendant Oakland police officers' repeated and egregious misconduct, defendants CITY, RICHARD WORD, and DOES 26-50, inclusive, failed to properly and adequately train, supervise, and discipline said defendant Oakland police officers for said repeated and egregious misconduct.

## DAMAGES

14. Plaintiffs were physically, mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to:  plaintiffs' loss of decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

15. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).  Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

16. Plaintiffs are further entitled to recover for the pain and suffering of decedent, which he suffered before he died as the result of being assaulted and battered, for deprivation of decedent's right to life without due process, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived, pursuant to C.C.P. Sections 377.30, 377.32, and 377.34.

17. As a proximate result of defendants' conduct, decedent suffered pain and  physical injuries.  As a further proximate result of defendants' conduct, decedent suffered severe and

extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.

18. Plaintiffs are entitled to recover damages on behalf of decedent for his injuries and damages.

19. The conduct of defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, was malicious, wanton, and oppressive. Plaintiffs, as decedents' successors in interest, are therefore entitled to an award of punitive damages as against said defendants, on behalf of decedent's right to said damages against said defendants.

20. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of decedent's civil rights, and plaintiffs' civil rights.

/ / / / / / / / / / / / / / / / / / / / / / / /
/ / / / / / / / / / / / / / / / / / / / / / / /
/ / / / / / / / / / / / / / / / / / / / / / / /
/ / / / / / / / / / / / / / / / / / / / / / / /

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)

**(Plaintiffs on behalf of decedent against all defendant police officers herein)**

21. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 20 of this Complaint.

22. In doing the acts complained of herein, defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, acted under color of law to deprive decedent, JAMIL WHEATFALL, of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Plaintiffs on behalf of decedent and themselves against defendants CITY, RICHARD WORD, and DOES 26-50, inclusive)

23. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendant CITY OF OAKLAND, by and through its supervisory employees and agents, RICHARD WORD, Chief of Police for the CITY, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, RICHARD WORD, and DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to decedent and plaintiffs. Defendants CITY, RICHARD WORD and DOES 26-50, inclusive, breached their duty of care to citizens in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and DOES 1-25, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by defendant CITY.

25. Based on information and belief, plaintiffs allege that prior to the date of the subject incident involving decedent, JAMIL WHEATFALL, defendant Oakland police officers had a history of engaging in acts of excessive force, of which defendants CITY, RICHARD WORD and DOES 26-50, inclusive, knew or should have known for quite some time prior to the subject incident involving decedent.  Based on information and belief, plaintiffs further allege that despite their knowledge of defendant Oakland police officers' repeated and egregious misconduct, defendants CITY, RICHARD WORD, and DOES 26-50, inclusive, failed to properly and adequately train, supervise, and discipline said defendant Oakland police officers for said repeated and egregious misconduct.

26. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendants CITY, RICHARD WORD, and DOES 26-50, inclusive,

to violation of the constitutional rights of citizens by defendant police officers herein, and other members of the Oakland Police Department ("OPD").  Decedent's and plaintiffs' injuries were a foreseeable and proximate result of the deliberate indifference of the CITY, RICHARD WORD, and DOES 26-50, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Wrongful Death-Intentional)
### (C.C.P. Sections 377.60 and 377.61)
### (Against all defendant police officers herein)

27.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28.  Defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, intentionally and wrongfully assaulted and battered JAMIL WHEATFALL, proximately causing his death on April 14, 2001.  Said defendant police officers either intended to cause decedent's death when assaulting and battering decedent, or intended to assault and batter decedent, which assault and battery proximately caused decedent's death.

29.  As an actual and proximate result of said defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

30.  As a further actual and proximate result of defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

31.  Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action against, and claim damages from, said defendants for the wrongful death of decedent and their resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Wrongful Death-Negligence)
### (C.C.P. Section 377.60 and 377.61)
### (Against all defendant police officers herein)

32.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

33. Defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25's negligent actions and omissions to act, as set forth hereinabove in the Statement of Facts portion of this Complaint, proximately caused the death of decedent JAMIL WHEATFALL, on April 14, 2001.

34. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

35. As a further actual and proximate result of the negligence of said defendants, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

36. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action against, and claim damages from, said defendants for the wrongful death of decedent, and their resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of Civil Code Section 52.1)**
**(Plaintiffs on behalf of decedent against all defendant police officers herein)**

37. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. The conduct of defendant officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights, as enumerated in paragraph 22 herein, through the wrongful assault and battery and killing of plaintiffs' decedent.

39. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

40. Since said conduct of said defendants occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

41. Plaintiffs, on behalf of decedent, are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

**(Plaintiffs on behalf of decedent against all defendant police officers herein)**

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43. The conduct of defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, as set forth hereinabove in the Statement of Facts portion of this Complaint, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs' decedent.

44. As a proximate result of said defendants' willful, intentional and malicious conduct, plaintiffs' decedent suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages as against defendants on behalf of plaintiffs' decedent, JAMIL WHEATFALL.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
**(Plaintiffs on behalf of decedent against all defendant police officers herein)**

45. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. The wrongful conduct of defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25, as set forth hereinabove in the Statement of Facts portion of this Complaint, constitutes negligent conduct done with conscious disregard for the rights of plaintiffs' decedent.

47. As a proximate result of defendants' negligent conduct, plaintiffs' decedent suffered severe emotional and mental distress, having a traumatic effect on plaintiffs' decedent's emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiffs on behalf of decedent against all defendant police officers herein)**

48. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 47 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

49. At all times herein mentioned, defendant police officers IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and, DOES 1-25 had a duty of care to avoid causing unnecessary physical harm and distress to others, pursuant to Civil Code Section 1714(a).  The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons or reasonable police officers, proximately causing plaintiffs' decedent to suffer injuries and damages as set forth herein.

50.  The wrongful conduct of said defendants which caused the death of plaintiffs' decedent, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of plaintiffs' decedent.

51.  As a proximate result of said defendants' negligent conduct, plaintiffs' decedent suffered severe physical injury, and severe emotional and mental distress and injury having a traumatic effect on his emotional tranquility, and damages.  Ultimately, as the proximate result of said defendants' negligent conduct, JAMIL WHEATFALL died.  Said defendants are therefore liable to plaintiffs, on behalf of plaintiffs' decedent.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Plaintiffs on behalf of decedent and themselves against defendants CITY, RICHARD WORD, and DOES 26-50, inclusive)**

52. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53. Defendant CITY OF OAKLAND, by and through its supervisory employees and agents, RICHARD WORD, Chief of Police for the CITY, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, RICHARD WORD, and DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to decedent and plaintiffs.

Defendants CITY, RICHARD WORD and DOES 26-50, inclusive, breached their duty of care to citizens in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and DOES 1-25, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by defendant CITY.

54. Based on information and belief, plaintiffs allege that prior to the date of the subject incident involving decedent, JAMIL WHEATFALL, defendant Oakland police officers had a history of engaging in acts of excessive force, of which defendants CITY, RICHARD WORD and DOES 26-50, inclusive, knew or should have known for quite some time prior to the subject incident involving decedent. Based on information and belief, plaintiffs further allege that despite their knowledge of defendant Oakland police officers' repeated and egregious misconduct, defendants CITY, RICHARD WORD, and DOES 26-50, inclusive, failed to properly and adequately train, supervise, and discipline said defendant Oakland police officers for said repeated and egregious misconduct.

55. As a proximate result of defendants CITY, RICHARD WORD, and DOES 26-50 inclusive's negligent conduct, decedent and plaintiffs suffered severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiffs' emotional tranquility, and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

56. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in the sum of $ 1,000,000.00;

2. For special damages according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages for decedent's causes of action against defendant police officers according to proof;

5. For injunctive relief enjoining defendant CITY from authorizing, allowing, or ratifying the practice by any employee of defendant CITY from using unreasonable and excessive force against citizens, pursuant to California Civil Code Section 52.1;

6. For violation of California Civil Code 52 and 52.1, statutory damages, and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For costs of suit herein incurred; and,

9. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF JOHN L. BURRIS

Dated:_____   By:
                                                 JOHN L. BURRIS, Esq.
                                                 Attorneys for Plaintiffs