1 | JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
2 | Airport Corporate Center
7677 Oakport Street, Suite 1120
3 | Oakland, CA 94621
(510) 839-5200
4 |
GAYLA B. LIBET, Esq./ State Bar # 109173
5 | LAW OFFICES OF GAYLA B. LIBET
4105 Emerald Street
6 | Oakland, CA 94609
(510) 420-0324
7 |
Attorneys for Plaintiffs
8 |
JOHN A. RUSSO, City Attorney - State Bar #129729
9 | RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney – State Bar #121266
10 | STEPHEN Q. ROWELL, Deputy City Attorney - State Bar #098228
One Frank H. Ogawa Plaza, 6th Floor
11 | Oakland, California 94612
Telephone:  (510) 238-3865          Fax:  (510) 238-6500
12 | 21926:293167
13 | Attorneys for Defendants,
CITY OF OAKLAND, RICHARD WORD, et al.
14 |

15 |

**UNITED STATES DISTRICT COURT**

16 |

**NORTHERN DISTRICT OF CALIFORNIA**

17 |

18 | JERVIS A. MUWWAKKIL; DORIS J.
MUWWAKKIL; and KAYLA D. WHEATFALL
19 | and NILE GLENN, minors, by and through
their guardian ad litem, GLORIA A. GLENN
20 |
21 |                     Plaintiffs,
22 |          v.
23 | CITY OF OAKLAND, a municipal corporation;
RICHARD WORD, in his capacity as Chief of
Police for the CITY  OF OAKLAND; IRA
24 | PEREZ, individually, and in his capacity as a
police officer for the CITY OF OAKLAND;
25 | JOHN CLEMENT, individually, and in his
capacity as a police officer for the CITY OF
26 | OAKLAND; MARCUS MIDYETT, individually,
and in his capacity as a police officer for the

Case No. C 02-01799 CW

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**

**Date:   August 16, 2002
Time:  1:30 p.m.
Ctrm:   2/Oakland Federal Building
Honorable Claudia Wilken**

1  CITY OF OAKLAND; TEGRE MILES,
   individually, and in his capacity as a police
2  officer for the CITY OF OAKLAND; VON
   WISSMILLER, individually, and in his
3  capacity as a police officer for the CITY OF
   OAKLAND;  JOSEPH McGUINN, individually,
4  and in his capacity as a police officer for the
   CITY OF OAKLAND; and, DOES 1 through
5  50, inclusive

6                     Defendants.

7

8

9      The parties hereby submit the following Joint Case Management Conference

10  Statement:

11  **I. PLAINTIFFS STATEMENT OF FACTS:**

       On April 14, 2001, at approximately 5:00 p.m., JAMIL WHEATFALL, decedent, was
12
   observed driving a green Pontiac in Oakland, California by defendant police officers
13
   MIDYETT, CLEMENT, and PEREZ.  Said defendant police officers suspected decedent of
14
   having robbed a bank earlier that day.  Said defendant police officers pursued decedent's
15
   vehicle until he came to a stop at or near the intersection of 64th Avenue and
16
   Buenaventura Street in Oakland, California.  Decedent exited his vehicle and immediately
17
   put up his hands to surrender to defendant police officers.  Then, without any just
18
   provocation or cause, defendants MARCUS MIDYETT, IRA PEREZ, and JOHN
   CLEMENT assaulted and battered JAMIL WHEATFALL.
19
       Defendants MIDYETT, PEREZ, and CLEMENT assaulted and battered decedent
20
   JAMIL WHEATFALL, repeatedly hitting him with their batons and kicking him after he had
21
   fallen to the ground, striking decedent's head, body, arms, hands, and legs in the course
22
   of their attack.  Defendant police officers MARCUS MIDYETT, IRA PEREZ, and JOHN
   CLEMENT were then joined in their assault and battery of decedent by defendant police
23
   officers TEGRE MILES, VON WISSMILLER, JOSEPH McGUINN, and DOE defendant
24
   police officers.  Defendant police officers continued to assault and batter JAMIL
25
   WHEATFALL after he was lying on the ground and handcuffed.
26
       While decedent JAMIL WHEATFALL was lying on the ground and being beaten and

kicked, one of defendant police officers used a chokehold on decedent's neck, restricting his ability to breathe.  As the proximate result of defendant police officers' extensive assault and battery, and choking, JAMIL WHEATFALL suffered and died.

The above-described assault, battery, and killing of JAMIL WHEATFALL by defendant police officers was brutal, malicious, and without any just provocation or cause, proximately causing JAMIL WHEATFALL's suffering and death, and injuries and damages to plaintiffs.

Defendant CITY, by and through its supervisory employees and agents, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to plaintiffs.  CITY, Chief of Police RICHARD WORD, and DOES 26-50, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their police officers, including, IRA PEREZ; JOHN CLEMENT; MARCUS MIDYETT; TEGRE MILES; VON WISSMILLER; JOSEPH McGUINN; and DOES 1-25, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by defendant CITY.

Based on information and belief, plaintiffs allege that prior to the date of the subject incident involving decedent, JAMIL WHEATFALL, defendant Oakland police officers had a history of engaging in acts of excessive force, of which defendants CITY, RICHARD WORD and DOES 26-50, inclusive, knew or should have known for quite some time prior to the subject incident involving decedent.  Based on information and belief, plaintiffs further allege that despite their knowledge of defendant Oakland police officers' repeated and egregious misconduct, defendants CITY, RICHARD WORD, and DOES 26-50,

inclusive, failed to properly and adequately train, supervise, and discipline said defendant Oakland police officers for said repeated and egregious misconduct.

## II.  DEFENDANTS' STATEMENT OF FACTS

On the morning of April 14, 2001, a bank teller at a Wells Fargo Bank branch on Fruitvale Avenue in Oakland was robbed by a man who handed her a note and implied that he was armed.  A bank security guard watched the robber as he left the bank, got into an older model green car and drove away.  The guard called the Oakland Police department and provided a description of the robber, the vehicle and the vehicle's license number.

Several hours after the robbery, Oakland Police Officer MARCUS MIDYETT spotted the suspect, later identified as the decedent, JAMIL WHEATFALL, in East Oakland driving the green car described by the bank security guard.  Officer MIDYETT broadcast  the location of the vehicle and its direction on his police radio but did not immediately follow because he had a passenger in his car.  Mr. WHEATFALL's car was soon spotted by Officers Mauricio Perez and KENNETH CLEMENT who were in a marked police vehicle.  The officers followed the car briefly and then attempted to pull him over. When the officers activated their emergency lights Mr. WHEATFALL accelerated and drove recklessly through city streets, running several stop signs.

Finally, Mr. WHEATFALL's car failed to negotiate a turn and slammed into an embankment.  The officers ordered Mr. WHEATFALL to get out of the car and to keep his hands in the air.  Instead of complying with the officers commands, Mr. WHEATFALL opened his car door and attempted to run.  He was caught by officer Perez and the two wrestled as WHEATFALL struggled to get away.  During the course of the struggle, Mr. WHEATFALL twisted Officer Perez's thumb, fracturing it.  Mr. WHEATFALL was tackled to the ground continued to wrestle with CLEMENT, PEREZ and other officers who arrived to assist.  Throughout the struggle the WHEATFALL failed to comply with the officers repeated commands to stop resisting and to place his hands behind his back..  After several minutes, the officers were able to force Mr. WHEATFALL's arms in a position where they could be handcuffed, whereupon Mr. WHEATFALL's resistance ceased. Shortly afterward the officers noticed that Mr. WHEATFALL had stopped breathing.

1    Paramedics were unable to resuscitate him.

2    Mr. WHEATFALL'S girlfriend stated to the police after the incident that Mr.

3    WHEATFALL had ingested rock cocaine just prior to his contact with the police.  Further, a

     significant amount of cocaine was found in WHEATFALL's blood upon by the medical

4    examiner.  The autopsy report lists the cause of death as SUDDEN DEATH OF COCAINE

5    INTOXICATED INDIVIDUAL DURING PHYSICAL ALTERCATION AND RESTRAINT .

6    Defendant's contend that, under the circumstances, the amount of force used was

7    reasonable and necessary to effect a lawful arrest.

8    **III.  FACTUAL ISSUES**

9    1.  Whether the actions of defendant police officers were reasonable and necessary

     under the circumstances;

10   2.  Whether decedent physically confronted and/or physically struck defendant officers;

11   3.  Whether reasonable force was used by defendant officers;

12   4.  Whether plaintiffs suffered any injuries or damages as the result of wrongful conduct

13   by defendant officers;

14   5.  Whether decedent suffered any injuries or damages as the result of wrongful

     conduct by defendant officers;

15   6.  Whether prior to the date of the subject incident involving decedent JAMIL

16   WHEATFALL, defendant Oakland police officers had engaged in acts of excessive force of

17   which defendants CITY, RICHARD WORD, and DOES 11-25, inclusive, were aware for

18   quite some time prior to the subject incident involving decedent;

19   7.  Whether despite their alleged knowledge of said defendant Oakland police officers'

20   repeated and egregious prior use of excessive force, defendants CITY, RICHARD WORD,

     and DOES 11-25, inclusive, fail to properly and adequately investigate and discipline said

21   defendant Oakland police officers for said repeated and egregious misconduct.

22   **IV.  LEGAL ISSUES**

23   Plaintiffs' causes of action are for: (1) Violation of 42 U.S.C. Section 1983 against

24   defendant police officers, on behalf of decedent; (2) Violation of 42 U.S.C. Section 1983

     against defendants CITY OF OAKLAND; RICHARD WORD, on behalf of decedent and for

25   plaintiffs;

26

(3) Wrongful Death-Intentional (C.C.P. Sections 377.60 and 377.61) against defendant police officers, for plaintiffs; (4) Wrongful Death-Negligence (C.C.P. Sections 377.60 and 377.61) against defendant police officers, for plaintiffs; (5) Violation of California Civil Code Section 52.1 against defendant police officers, on behalf of decedent; (6) Intentional Infliction of Emotional Distress against defendant police officers, on behalf of decedent; (7) Negligent Infliction of Emotional Distress against defendant police officers, on behalf of decedent;

(8) Negligence against defendants CITY OF OAKLAND; RICHARD WORD; and DOES, on behalf of decedent; and, (9) Negligent hiring, retention, training, supervision, and discipline against defendants CITY OF OAKLAND; RICHARD WORD; and DOES, on behalf of decedent and for plaintiffs.

1.   Whether defendant police officers had probable cause to arrest or imprison decedent JAMIL WHEATFALL;

2.   Whether defendant police officers assaulted or battered decedent, without just provocation or cause;

3.   Whether defendant police officers are entitled to qualified immunity;

4.   Whether defendant police officers are entitled to use reasonable force to effect the arrest of decedent;

5.   Whether defendant CITY OF OAKLAND, by and through its supervisory employees and agents, defendants RICHARD WORD, Chief of Police for the CITY, and DOES 11-25, inclusive, with deliberate indifference, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's or plaintiffs' rights, and injuries to decedent or plaintiffs;

6.   Whether defendants  CITY, RICHARD WORD, and DOES 11-25, inclusive, breached their duty of care to decedent or plaintiffs, in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant police officers, in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force;

7.   Whether said defendants' alleged lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating,

and/or ratifying the continuing use of excessive force by police officers employed by defendant CITY OF OAKLAND;

8.  Whether any of defendant police officers' alleged misconduct towards decedent proximately caused injuries and damages to decedent or to any of plaintiffs; and,

9.  Whether the above-described alleged misconduct of defendants CITY; RICHARD WORD, and DOES 11-25, inclusive, proximately cause injuries and damages to decedent or to any

of plaintiffs.

**V.  ADDITIONAL PARTIES TO BE SERVED**

Plaintiffs are not aware of any additional parties to be served at this time.

**VI.  DISCLOSURES**

The parties certify that they have each filed and served their Initial Disclosure Statements.

Defendants have agreed to produce the following items (not produced with Defendants' Initial Disclosure Statement), pursuant to the following conditions:

1.  Pertinent portions of OPD Internal Affairs records (defendants will produce same following entry of a Stipulated Protective Order);

2.  OPD Radio Dispatch Report and Dispatch Audiotape;

3.  209 Color Photographs taken by OPD Technicians on night of subject incident (which defendants will produce at plaintiffs' expense);

4.  17 Cassette Tapes containing witness interviews (which defendants will produce at plaintiffs' expense); and,

5.  Four (4) Color Copies of photographs taken in connection with the subject incident (which defendants will produce at plaintiffs' expense).

The parties will meet and confer regarding Oakland police Internal affairs documents regarding the investigation of the subject incident, and defendants have preliminarily agreed to produce such documents to plaintiffs subject to a Stipulated Protective Order.

**   See Plaintiffs' Initial Disclosure Statement and Defendants' Initial Disclosure Statement for list of documents parties have produced, and list of documents to be produced subject to certain conditions.

**VII.  DAMAGES**

**  See Plaintiffs' Initial Disclosure Statement stating damages.

**VIII.  DISCOVERY**

The parties certify that they have completed their Joint Proposed Discovery Plan in August 2002, after having met and conferred pursuant to FRCP Rule 26(f).

The parties joint Proposed Discovery Plan states, as follows:

The parties will need to conduct discovery with regard to the following subjects:

**A.  PARTIES AND WITNESSES:**

**  See list of parties and witnesses set forth in Plaintiffs' Initial Disclosure Statement and Defendants' Initial Disclosure Statement.

**B.  DISCOVERY GUIDELINES:**

1.  All discovery, except that regarding expert witnesses to this action, shall be commenced in time to be completed no later than sixty (60) days before the date of trial.

2.  The exchange of identities of expert witnesses are to be disclosed by not later than sixty (60) days before trial date, with discovery of said expert witnesses to be completed by no later than thirty (30) days before trial date.

3.  A maximum of twenty-five (25) Interrogatories by each party to any other party shall be permitted.  Responses to a party's Interrogatories shall be due pursuant to the Federal Rules of Civil Procedure.

4.  A maximum of twenty-five (25) Requests for Admission by each party to any other party shall be permitted.  Responses to a party's Requests for Admission shall be due pursuant to the Federal Rules of Civil Procedure.

5.  A maximum of ten (10) depositions by each plaintiff and ten (10) depositions by each defendant shall be permitted, exclusive of expert witness depositions.

6.  The parties will meet and confer regarding the scheduling of any independent medical examination of any plaintiff.

7.  All reports from retained experts, if any exist, shall be disclosed no later than ten (10) days before that expert's deposition.

8.  The  Federal Rules of Civil Procedure shall govern all supplementations.

9.  The parties agree to permit and participate in the following matters should the Court

find them necessary:

  a.  Conference with the Court before entry of the Scheduling Order;

  b.  Pre-Trial Conferences;

  c.  Settlement Conferences; and,

  d.  Leave to amend pleadings and/or join any additional parties.

**IX.  DISPOSITIVE MOTIONS**

All potentially dispositive motions will be heard by no later than six (6) weeks before trial.

**X.  TRIAL WITNESS LISTS AND TRIAL EXHIBIT LISTS**

The parties' final Trial Witness Lists and Trial Exhibit Lists, pursuant to FRCP Rule 26(a)(3), shall be due on the date of the Pre-Trial Conference.  The parties will have five (5) days from that date to file and serve a list of any objections they may have regarding said Trial Witness Lists or Trial Exhibit Lists.

**XI.  SETTLEMENT**

The parties have determined that settlement cannot be evaluated until some discovery has been conducted by the parties.  However, the parties would like the Court to schedule an

Early Settlement Conference on a date a few months from now.

**XII.  TRIAL**

This action should be ready for trial by August 2003, and is expected to take approximately seven (7) days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND TRIAL COUNSEL**

Pursuant to Local Rule 16-12, counsel and parties certify that they have read the brochure entitled, "Dispute Resolution Procedures in the Northern District of California"; discussed the available dispute resolution options provided by the Court and private entities; and, considered whether their case might benefit from any of the available dispute resolution options.

1    Respectfully submitted

2

3    LAW OFFICES OF GAYLA B. LIBET

4    Dated:_____    By:____/S/_____
                                        GAYLA B. LIBET, Esq.
5                                       Attorneys for Plaintiffs

6

7    OFFICE OF THE OAKLAND CITY ATTORNEY

8    Dated:_____    By:_____/S/_____
                                        STEPHEN Q. ROWELL, Esq.
9                                       Attorneys for Defendants
                                        CITY OF OAKLAND, RICHARD WORD,
10                                      JOHN CLEMENT and MARCUS MIDYETT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PROOF OF SERVICE**
**Muwwakkil, et al. v. City of Oakland, et al.**
**United States District Court Case No. C02-1799 CW**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612.  On the date set forth below I served the within documents:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/ Express Mail.

Gayla B. Libet
LAW OFFICES OF GAYLA B. LIBET
4105 Emerald St.
Oakland, CA  94609

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on __August 13, 2002, at Oakland, California.

/S/ _____
REESE JOHNSON