1  JOHN A. RUSSO, City Attorney - State Bar No. 129729
   RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2  STEPHEN Q. ROWELL, Deputy City Attorney - State Bar No. 098228
   One Frank Ogawa Plaza, 6th Floor
3  Oakland, California 94612
   Telephone:  (510) 238-3865     Fax:  (510) 238-6500
4  21926/299397

5  Attorneys for Defendants
   CITY OF OAKLAND, RICHARD WORD,
6  MARCUS MIDYETT and JOHN CLEMENT

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| JERVIS A. MUWWAKKIL; DORIS J. MUWWAKKIL; and KAYLA D. WHEATFALL and NILE GLENN, minors, by and through their guardian ad litem, GLORIA A. GLENN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, a municipal corporation; et. al.,<br><br>Defendants. | Case No.   C 02 1799 CW<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE CITY OF OAKLAND'S MOTION TO COMPEL PLAINTIFFS PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**<br><br>Date:<br>Time:<br>Place: |

## INTRODUCTION

Plaintiff's filed this action on April 15, 2002 against the defendant City of Oakland and several police officers following the death of Jamil Wheatfall, a bank robbery suspect. Just prior to his death, Mr. Wheatfall lead a number of Oakland Police and Oakland Unified School District Police officers on a car chase through east Oakland.  Mr. Wheatfall's car eventually came to a stop after hitting an embankment.  He was apprehended after a violent struggle with the arresting officers.  He died suddenly and unexpectedly soon after the struggle ended.

On August 19, 2002, the City served each plaintiff with a request for production of documents pursuant to Rule 34 of The Federal Rules of Civil Procedure. Pursuant to the request, plaintiffs were to provide responses on September 21, 2002. Upon request of plaintiffs' counsel, Gayla Libet, time for providing responses was extended to October 15, 2002. A copy of the request for production of documents is attached to the declaration of Stephen Q. Rowell as Exhibit "A". <u>Plaintiffs have never responded to The City's request for production of documents.</u>

## II.
## The City of Oakland is entitled to an Order Compelling Plaintiffs to Respond to Its First Request For Production of Documents

Federal Rule of Civil Procedure §34 states in part:

(a) Scope. Any party may serve on any other party a request to (1) to produce and permit the party making the request . . . to inspect and copy any designated documents . . . . .which are in the possesion, custody or control of the party upon whom the request is served. . . . . . The party upon the request is served shall serve a written response within 30 days after the service of the request. . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested. . .

. . . . The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested . . . . A party who produces documents for inspection shall . . . organize and label them to correspond with the categories in the request. . . . .

Further Federal Rules of Civil Procedure §37 states, in part:

(a) . . . A party . . . may apply for an order compelling disclosure or discovery as follows:

. . . . if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request. . .

Plaintiffs, JERVIS MUWWAKKIL, DORIS J. MUWWAKKIL, and KAYLA D. WHEATFALL and NILE GLENN, minors by and through their guardian ad litem GLORIA GLENN, have never responded to the City's request for production of documents as required by Rule 34.  This, despite the City of Oakland's letter to plaintiffs' counsel as well as several informal conversations regarding the tardiness of these materials.  These materials are almost four months overdue.

In light of plaintiff's failure to comply with Federal Rule of Civil Procedure 34, defendant City of Oakland respectfully requests this court to grant its motion for an order compelling plaintiff to respond to said defendant's request for production of documents.

### III.
**Defendant City of Oakland is entitled to Sanctions for Plaintiff's Failure to Comply with FRCP 34**

Federal Rule of Civil Procedure §37 states, in part:

(A)If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed the court shall. . . . . require the party or deponent whose conduct necessitated the motion. . . to pay the moving party the reasonable expenses incurred in making the motion, including attorneys fees. . . .

In light of the events set forth above which lead to the filing of this motion and the plaintiffs' inexplicable and inexcusable delay in providing the subject responses, the City of Oakland is entitled to recover its costs and fees incurred in bringing it.  As set forth in the declaration of Stephen Q. Rowell, it took 2.2 hours to prepare this motion and anticipate spending 1.3 hours to attend the hearing on this matter including travel time.  At $225.00 per hour, the City has expended $787.00 in the prosecution of this motion.

The City of Oakland therefore requests an award of sanctions in the amount of $787.50 against plaintiffs.

Dated: January 7, 2003

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
STEPHEN Q. ROWELL, Deputy City Attorney

By: /s/
Attorneys for Defendant
CITY OF OAKLAND